UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HANCOCK WHITNEY BANK,<br>    **Plaintiff**<br><br>v.<br><br>MICROWAVE INDUSTRIAL<br>SERVICES, LLC, KEVIN SUSTALA,<br>and ABE LEVITZ<br>    **Defendants** | CASE NO. 4:22-cv-01896 |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Hancock Whitney Bank ("Lender" or "HWB") submits this Original Complaint against Defendants Microwave Industrial Services, LLC ("MIS"), Kevin Sustala ("Sustala"), and Abe Levitz ("Levitz"), and in support thereof states as follows:

## I.  Introduction

1. This is a simple breach of contract action in which Defendant MIS has failed to make agreed payment to HWB pursuant to the terms of: (i) a Promissory Note dated October 1, 2020 in the original principal amount of $220,000.00 (a true and correct copy of what is hereinafter referred to as the "Note" is attached hereto as Exhibit 1 and incorporated herein by reference), and (ii) a Promissory Note dated July 2, 2019 in the original principal amount of $280,000.00 (a true and correct copy of what is hereinafter referred to as the "Note2" is attached hereto as Exhibit 2 and incorporated herein by reference;  the Note and the Note2 are cumulatively referred to herein as the "Notes").

2. By its terms, the Note matured on January 1, 2021 (See Exhibit 1 at p.1).

3. By letter dated August 18, 2021, as a result of multiple defaults, including payment defaults of the Note2, HWB accelerated all indebtedness due under the Note2 and gave notice to MIS and

1

the other Defendants/Guarantors that all amounts due and owing under the Note2 were "immediately due and owing." (A copy of HWB's demand letter dated August 18, 2021 is attached hereto as Exhibit 3 and incorporated herein by reference).

4. As of the filing of this lawsuit, MIS has failed to pay to HWB the indebtedness due under the Note and the Note2

5. Defendants Sustala and Levitz are guarantors of the debt owed by MIS to HWB pursuant to the terms of Commercial Guaranties dated October 1, 2020 and July 1, 2020, respectively (true and correct copies of the Commercial Guaranties made by Sustala and Levitz are attached hereto as Exhibits 4 and 5, respectively, and are incorporated herein by reference).

6. Sustala and Levitz have likewise failed to make payment to HWB as expressly agreed by their agreements with HWB.

## II.     Parties

7. Plaintiff HWB is a Mississippi State chartered bank with its principal office in Gulfport, Mississippi.

8. Defendant MIS is a Texas limited liability company with its principal office in Houston, Texas. MIS' members are listed as Emozionato, LLC and JKJ Industries, LLC. Emozionato, LLC is owned by Levitz, a resident of Harris County, Texas, making Emozionato a citizen of Texas. JKJ Industries is owned by Sustala, a resident of Harris County, Texas, making JKJ Industries, LLC a citizen of Texas. The members of MIS being citizens of Texas, MIS is a citizen of Texas. MIS currently does not have on file a registered agent for service of process and so may be served with process through its manager/director/member Sustala at 2300 Central Pkwy, Ste K, Houston, TX 77092, or wherever he may be found.

9. Defendant Sustala is a citizen of Texas and may be served with process at 2300 Central Pkwy, Ste K, Houston, TX 77092, or wherever he may be found.

10. Defendant Levitz is a citizen of Texas and may be served with process at 1912 Summer St, Unit B, Houston, TX 77007, or wherever he may be found.

### III.     Jurisdiction and Venue

11. This Court has jurisdiction over this suit pursuant to 28 U.S.C. § 1332(a)(1) based upon diversity of citizenship.  This controversy involves a dispute between citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this District, and a substantial part of the events or omissions giving rise to the claims occurred in Texas.

### IV.     Factual Background

13. In October 2020, for value received, MIS executed the Note in favor of HWB.

14. The Note matured on January 1, 2021, but MIS failed to repay "all outstanding principal plus all accrued unpaid interest on January 1, 2021" as required.  (*see* Exhibit 1 at p.1).

15. In July 2019, for value received, MIS executed the Note2 in favor of HWB.

16. Because of the default of the Note2 as well as the default of the Note, in August 2021, HWB accelerated the indebtedness due under the Note2 (*see* Exhibit 3).

17. MIS failed to repay the Note2 as demanded, and thereafter HWB agreed to forbear for a period of time from seeking to collect on the Note2 as well as on the Note.

18. On March 10, 2022, MIS and Sustala executed the Third Forbearance Agreement ("TFA") whereby it was agreed that "all amounts due under the Note and the Note2, including the entire unpaid principal balances, all accrued, unpaid interest, late charges (if any), costs of collection

(including but not limited to legal costs incurred by Lender as a result of Borrower's breaches of the Loan Documents and/or this TFA), and all other costs/amounts due under the terms of the Notes" was due "on or before May 10, 2022" (a true and correct copy of the TFA is attached hereto as Exhibit 6 and is incorporated herein by reference).

19. MIS failed to repay all of the indebtedness owing under the Note and the Note2 pursuant to the terms of the TFA and has failed to pay the outstanding amounts due under the Notes as of the date of the filing of this Complaint.

20. Pursuant to the terms of the Note, MIS "promise[d] to pay to [Lender], or order, in lawful money of the United States of America, the principal amount of Two Hundred Twenty Thousand & 00/100 Dollars ($220,000.00) or so much as may be outstanding, together with interest on the unpaid outstanding principal balance of each advance." (Exhibit 1 at p.1)

21. In addition, pursuant to the terms of the Note, MIS agreed to pay a 5.0% late charge for payments missed by 10 days or more (*see* Exhibit 1 at p.1) and agreed to "pay Lender's reasonable attorneys' fees" if HWB hired an attorney "to help collect this Note…." (Exhibit 1 p.2).

22. As of June 9, 2022, there is an outstanding principal balance due and owing on the Note of $215,014.35.

23. As of June 9, 2022, there is accrued and unpaid interest on the Note of $4,658.65.[1]

24. As of June 9, 2022, there are unpaid late charges accrued on the Note of $2.99.

25. Pursuant to the terms of the Note2, MIS "promise[d] to pay to [Lender], or order, in lawful money of the United States of America, the principal amount of Two Hundred Eighty Thousand & 00/100 Dollars ($280,000.00), together with interest on the unpaid outstanding principal balance …." (Exhibit 2 at p.1).

---

[1] As of May 11, 2022, in accordance with the terms of the Note and the TFA, interest on the Note is now accruing at the post maturity rate of 18.0% per annum ($107.507175 per diem).

4

26. In addition, pursuant to the terms of the Note2, MIS agreed to pay a 5.0% late charge for payments missed by 10 days or more (*see* Exhibit 2 at p.1) and agreed to "pay Lender's reasonable attorneys' fees" if HWB hired an attorney "to help collect this Note…." (Exhibit 2 p.1).

27. As of June 9, 2022, there is an outstanding principal balance due and owing on the Note2 of $209,624.01.

28. As of June 9, 2022, there is accrued and unpaid interest on the Note2 of $4,541.85.[2]

29. In conjunction with the signing of the Notes, Sustala and Levitz each executed a Commercial Guaranty by which, "For good and valuable consideration, Guarantor absolutely and unconditionally guarantee[d] full and punctual payment and satisfaction of the Indebtedness of Borrower to Lender …." (Exhibits 4 and 5 at p.1).

30. The term "Indebtedness" as used in each Commercial Guaranty "means all of the principal amount outstanding from time to time and at any one or more times, accrued unpaid interest thereon and all collection costs and legal expenses related thereto permitted by law, Lender's reasonable attorneys' fees, arising from any and all debts, liabilities and obligations of every nature or form, now existing or hereafter arising or acquired, that Borrower [MIS] individually or collectively or interchangeably with others, owes or will owe Lender." (Exhibits 4 and 5 at p.1).

31. Pursuant to the terms of the Commercial Guaranties, Sustala and Levitz also "agree[d] to pay upon demand all of Lender's costs and expenses, including Lender's reasonably attorneys' fees and Lender's legal expenses, incurred in connection with the enforcement of this Guaranty." (Exhibits 4 and 5 at p.2).

32. All conditions precedent to the filing of this Complaint and the recovery of the damages requested herein have occurred or have been performed.

---

[2] As of May 11, 2022, in accordance with the terms of the Note2 and the TFA, interest on the Note2 is now accruing at the post maturity rate of 18.0% per annum ($104.812005 per diem).

## V.     Claims

33.     HWB refers to and incorporates the allegations of the preceding paragraphs as though fully set forth herein.

### A.  Breach of Contracts Against MIS

34.     The Note, the Note2, and the Third Forbearance Agreement executed by MIS constitute valid, enforceable contracts between HWB and MIS.

35.     HWB loaned/advanced substantial sums of money to MIS pursuant to the Notes, but MIS has failed to repay the debt owed to HWB as contractually agreed, despite demand having been made on MIS.

36.     MIS' failure to pay the amounts due and owing to HWB under the Notes and the TFA constitute breaches of the Notes and the TFA executed by MIS and has caused significant financial injury to HWB.

### B.  Breach of Contract Against Sustala

37.     The Commercial Guaranty and TAF executed by Sustala constitute valid, enforceable contracts between HWB and Sustala.

38.     Despite demand having been made for payment of the funds loaned/advanced by HWB to MIS pursuant to the Notes that are now due and outstanding, Sustala has failed to make payment to HWB as agreed.

39.     Sustala's failure to pay the amounts due and owing to HWB under the Notes, the TFA, and the Commercial Guaranty constitute breaches of the Commercial Guaranty executed by Sustala and has caused significant financial injury to HWB.

## C. Breach of Contract Against Levitz

40. The Commercial Guaranty executed by Levitz constitutes a valid, enforceable contract between HWB and Levitz.

41. Despite demand having been made for payment of the funds loaned/advanced by HWB to MIS that are now due and outstanding, Levitz has failed to make payment to HWB as agreed.

42. Levitz's failure to pay the amounts due and owing to HWB under the Notes and pursuant to the Commercial Guaranty constitutes breaches of the Commercial Guaranty executed by Levitz and has caused significant financial injury to HWB.

## D. Attorney's Fees Against MIS, Sustala, and Levitz

43. Because of Defendants' failures to pay the amounts due and owing under the Note and the Note2, and in turn pursuant to the Commercial Guaranties executed by Sustala and Levitz, HWB has found it necessary to retain legal counsel in order to seek to enforce the terms of those contracts.

44. As set forth above, pursuant to the express terms of the Notes, the Commercial Guaranties, and the TFA, Defendants are obligated to pay HWB's "reasonable attorneys' fees" and other collection costs. (Exhibit 1 at p.2; Exhibits 2 at p.1; Exhibits 4 and 5 at p.2; *see also* Exhibit 6 at p.3).

45. In addition, pursuant to TEX. CIV. PRAC. & REM. CODE §38.001, *et. seq*., HWB is entitled to recover its reasonable attorney's fees and other legal expenses from Defendants.

## VI. Prayer for Relief

46. Plaintiff Hancock Whitney Bank respectfully prays that Defendants Microwave Industrial Services, LLC, Kevin Sustala, and Abe Levitz be cited to appear and answer herein, and that final judgment be entered in favor of HWB and against MIS, Sustala, and Levitz as follows:

7

    a.    for the entire unpaid principal balance owing on the Note and the Note2, together with all accrued, unpaid interest thereon at the rate of 18% until the time of judgment;

    b.    for all outstanding fees and other charges due and owing under the terms of the Notes and the Commercial Guaranties;

    c.    for the reasonable attorney's fees and costs incurred by HWB in enforcing the Notes and the Commercial Guaranties;

    d.    for post-judgment interest on the foregoing awards at the maximum rate allowed by law and pursuant to the Notes; and

    e.    for such other and further relief, at law or in equity, to which HWB may show itself justly entitled.

Respectfully submitted,

/s/ Neale Shields
Neale Shields
**Attorney-In-Charge for**
**Plaintiff Hancock Whitney Bank**
State Bar No. 24013499
Fed Bar No. 25383
Law Office of Neale Shields
P.O. Box 397
New Summerfield, Texas 75780
Telephone:  (713) 504-4182
Email:  harv99atty@att.net

Dated:   6-9-2022