Exhibit 1

# PROMISSORY NOTE

| Principal | Loan Date | Maturity | Loan No | Call / Coll | Account | Officer | Initials |
|---|---|---|---|---|---|---|---|
| $220,000.00 | 10-01-2020 | 01-01-2021 | **** 7042 | | | XX7 | |

References in the boxes above are for Lender's use only and do not limit the applicability of this document to any particular loan or item.
Any item above containing "****" has been omitted due to text length limitations.

**Borrower:**  Microwave Industrial Services, LLC
5320 Gulfton St
Houston, TX 77081

**Lender:**  HANCOCK WHITNEY BANK
COM BNKG - TX
3200 Kirby Drive, Suite 1100
Houston, TX 77098

---

**Principal Amount:  $220,000.00**                       **Date of Note:  October 1, 2020**

**PROMISE TO PAY.**  Microwave Industrial Services, LLC ("Borrower") promises to pay to HANCOCK WHITNEY BANK ("Lender"), in order, in lawful money of the United States of America, the principal amount of Two Hundred Twenty Thousand & 00/100 Dollars ($220,000.00) or so much as may be outstanding, together with interest on the unpaid outstanding principal balance of each advance.  Interest shall be calculated from the date of each advance until repayment of each advance or maturity, whichever occurs first.

**CHOICE OF USURY CEILING AND INTEREST RATE.**  The interest rate on this Note has been implemented under the "Weekly Ceiling" as referred to in Sections 303.002 and 303.003 of the Texas Finance Code.

**PAYMENT.**  Borrower will pay this loan in one payment of all outstanding principal plus all accrued unpaid interest on January 1, 2021.  In addition, Borrower will pay regular monthly payments of all accrued unpaid interest due as of each payment date, beginning November 1, 2020, with all subsequent interest payments to be due on the same day of each month after that.  Unless otherwise agreed or required by applicable law, payments will be applied first to any accrued unpaid interest; then to principal; then to any late charges; and then to any unpaid collection costs.  Any accrued interest not paid when due is added to principal and thereafter will accrue interest as principal.  Borrower will pay Lender at Lender's address shown above or at such other place as Lender may designate in writing.  Notwithstanding any other provision of this Note, Lender will not charge interest on any undisbursed loan proceeds.  No scheduled payment, whether of principal or interest or both, will be due unless sufficient loan funds have been disbursed by the scheduled payment date to justify the payment.

**VARIABLE INTEREST RATE.**  The interest rate on this Note is subject to change from time to time based on changes in an independent index which is the Prime rate for the U.S. designated in the "Money Rates" section of the Wall Street Journal.  When a range of rates has been published, the lower of the rates will be used (the "Index").  The Index is not necessarily the lowest rate charged by Lender on its loans.  Lender will tell Borrower the current Index rate upon Borrower's request.  The interest rate change will not occur more often than each day.  Borrower understands that Lender may make loans based on other rates as well.  The Index currently is 3.250% per annum.  Interest prior to maturity on the unpaid principal balance of this Note will be calculated as described in the "INTEREST CALCULATION METHOD" paragraph using a rate of 0.600 percentage points over the Index (the "Margin"), adjusted if necessary for any minimum and maximum rate limitations described below, resulting in an initial rate of 5.000% per annum based on a year of 360 days.  If Lender determines, in its sole discretion, that the Index has become unavailable or unreliable, either temporarily, indefinitely, or permanently, during the term of this Note, Lender may amend this Note by designating a substantially similar substitute index.  Lender may also amend and adjust the Margin to accompany the substitute index.  The change to the Margin may be a positive or negative value, or zero.  In making these amendments, Lender may take into consideration any then-prevailing market convention for selecting a substitute index and margin for the specific Index that is unavailable or unreliable.  Such an amendment to the terms of this Note will become effective and bind Borrower 10 business days after Lender gives written notice to Borrower without any action or consent of the Borrower.  NOTICE:  Under no circumstances will the interest rate on this Note be less than 5.000% per annum or more than the maximum rate allowed by applicable law.  For purposes of this Note, the "maximum rate allowed by applicable law" means the greater of  (A)  the maximum rate of interest permitted under federal or other law applicable to the indebtedness evidenced by this Note, or  (B)  the "Weekly Ceiling" as referred to in Sections 303.002 and 303.003 of the Texas Finance Code.

**INTEREST CALCULATION METHOD.**  Interest on this Note is computed on a 365/360 basis; that is, by applying the ratio of the interest rate over a year of 360 days, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding, unless such calculation would result in a usurious rate, in which case interest shall be calculated on a per diem basis of a year of 365 or 366 days, as the case may be.  All interest payable under this Note is computed using this method.  This calculation method results in a higher effective interest rate than the numeric interest rate stated in this Note.

**PREPAYMENT.**  Borrower may pay without penalty all or a portion of the amount owed earlier than it is due.  Prepayment in full shall consist of payment of the remaining unpaid principal balance together with all accrued and unpaid interest and all other amounts, costs and expenses for which Borrower is responsible under this Note or any other agreement with Lender pertaining to this loan, and in no event will Borrower ever be required to pay any unearned interest.  Early payments will not, unless agreed to by Lender in writing, relieve Borrower of Borrower's obligation to continue to make payments of accrued unpaid interest.  Rather, early payments will reduce the principal balance due.  Borrower agrees not to send Lender payments marked "paid in full", "without recourse", or similar language.  If Borrower sends such a payment, Lender may accept it without losing any of Lender's rights under this Note, and Borrower will remain obligated to pay any further amount owed to Lender.  All written communications concerning disputed amounts, including any check or other payment instrument that indicates that the payment constitutes "payment in full" of the amount owed or that is tendered with other conditions or limitations or as full satisfaction of a disputed amount must be mailed or delivered to:  HANCOCK WHITNEY BANK, LENDING SERVICES, P. O. BOX 211269 MONTGOMERY, AL  36121.

**LATE CHARGE.**  If a payment is 10 days or more late, Borrower will be charged **5.000% of the unpaid portion of the regularly scheduled payment.**

**INTEREST AFTER DEFAULT.**  Upon default, including failure to pay upon final maturity, the interest rate on this Note shall be increased to 18.000% per annum based on a year of 360 days.  However, in no event will the interest rate exceed the maximum interest rate limitations under applicable law.

**DEFAULT.**  Each of the following shall constitute an event of default ("Event of Default") under this Note:

**Payment Default.**  Borrower fails to make any payment when due under this Note.

**Other Defaults.**  Borrower fails to comply with or to perform any other term, obligation, covenant or condition contained in this Note or in any of the related documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Lender and Borrower.

**Default in Favor of Third Parties.**  Borrower or any Grantor defaults under any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement, in favor of any other creditor or person that may materially affect any of Borrower's property or Borrower's ability to repay this Note or perform Borrower's obligations under this Note or any of the related documents.

**False Statements.**  Any warranty, representation or statement made or furnished to Lender by Borrower or on Borrower's behalf under this Note or the related documents is false or misleading in any material respect, either now or at the time made or furnished or becomes false or misleading at any time thereafter.

**Death or Insolvency.**  The dissolution of Borrower (regardless of whether election to continue is made), any member withdraws from Borrower, or any other termination of Borrower's existence as a going business or the death of any member, the insolvency of Borrower, the appointment of a receiver for any part of Borrower's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Borrower.

**Creditor or Forfeiture Proceedings.**  Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Borrower or by any governmental agency against any collateral securing the loan.  This includes a garnishment of any of Borrower's accounts, including deposit accounts, with Lender.  However, this Event of Default shall not apply if there is a good faith dispute by Borrower as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Borrower gives Lender written notice of the creditor or forfeiture proceeding and deposits with Lender monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Lender, in its sole discretion, as being an adequate reserve or bond for the dispute.

**Events Affecting Guarantor.**  Any of the preceding events occurs with respect to any Guarantor of any of the indebtedness or any Guarantor dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any guaranty of the indebtedness evidenced by this Note.

**Adverse Change.**  A material adverse change occurs in Borrower's financial condition, or Lender believes the prospect of payment or performance of this Note is impaired.

**LENDER'S RIGHTS.**  Upon default, Lender may declare the entire indebtedness, including the unpaid principal balance under this Note, all accrued unpaid interest, and all other amounts, costs and expenses for which Borrower is responsible under this Note or any other agreement with Lender pertaining to this loan, immediately due, without notice, and then Borrower will pay that amount.

## PROMISSORY NOTE
### (Continued)

Loan No: 00044201327042                                                                                    Page 2

**ATTORNEYS' FEES; EXPENSES.** Lender may hire an attorney to help collect this Note if Borrower does not pay, and Borrower will pay Lender's reasonable attorneys' fees. Borrower also will pay Lender all other amounts Lender actually incurs as court costs, lawful fees for filing, recording, releasing to any public office any instrument securing this Note; the reasonable cost actually expended for repossessing, storing, preparing for sale, and selling any security; and fees for noting a lien on or transferring a certificate of title to any motor vehicle offered as security for this Note, or premiums or identifiable charges received in connection with the sale of authorized insurance.

**GOVERNING LAW. This Note will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of Texas without regard to its conflicts of law provisions. This Note has been accepted by Lender in the State of Texas.**

**CHOICE OF VENUE.** If there is a lawsuit, and if the transaction evidenced by this Note occurred in Harris County, Borrower agrees upon Lender's request to submit to the jurisdiction of the courts of Harris County, State of Texas.

**DISHONORED CHECK CHARGE.** Borrower will pay a processing fee of $25.00 if any check given by Borrower to Lender as a payment on this loan is dishonored.

**RIGHT OF SETOFF.** To the extent permitted by applicable law, Lender reserves a right of setoff in all Borrower's accounts with Lender (whether checking, savings, or some other account). This includes all accounts Borrower holds jointly with someone else and all accounts Borrower may open in the future. However, this does not include any IRA or Keogh accounts, or any trust accounts for which setoff would be prohibited by law. Borrower authorizes Lender, to the extent permitted by applicable law, to charge or setoff all sums owing on the debt against any and all such accounts, and, at Lender's option, to administratively freeze all such accounts to allow Lender to protect Lender's charge and setoff rights provided in this paragraph.

**COLLATERAL.** Borrower acknowledges this Note is secured by the collateral referenced in the separate security document(s).

**LINE OF CREDIT.** This Note evidences a revolving line of credit. Advances under this Note, as well as directions for payment from Borrower's accounts, may be requested orally or in writing by Borrower or by an authorized person. Lender may, but need not, require that all oral requests be confirmed in writing. Borrower agrees to be liable for all sums either: (A) advanced in accordance with the instructions of an authorized person or (B) credited to any of Borrower's accounts with Lender. The unpaid principal balance owing on this Note at any time may be evidenced by endorsements on this Note or by Lender's internal records, including daily computer print-outs. Lender will have no obligation to advance funds under this Note if: (A) Borrower or any guarantor is in default under the terms of this Note or any agreement that Borrower or any guarantor has with Lender, including any agreement made in connection with the signing of this Note; (B) Borrower or any guarantor ceases doing business or is insolvent; (C) any guarantor seeks, claims or otherwise attempts to limit, modify or revoke any guarantor's guarantee of this Note or any other loan with Lender; or (D) Borrower has applied funds provided pursuant to this Note for purposes other than those authorized by Lender. **This revolving line of credit shall not be subject to Ch. 346 of the Texas Finance Code.**

**THIS PARAGRAPH REPLACES THE PREVIOUS PARAGRAPH ENTITLED RIGHT OF SETOFF THAT APPEARS ABOVE IN THIS DOCUMENT.** To the extent permitted by applicable law, Lender reserves a right of setoff in all Borrower's accounts with Lender (whether checking, savings, or some other account). This includes all accounts Borrower holds jointly with someone else and all accounts Borrower may open in the future. In addition, to secure the repayment of the indebtedness evidenced by this Note, including, without limitation, future advances, with interest, attorneys' fees, expenses of collection and costs, Borrower pledges to Lender, and grants to Lender a continuing security interest in, all property of Borrower that is now or hereafter on deposit with, in the possession of, under the control of or held by Lender, including, without limitation, all cash, deposit accounts, funds on deposit, investment property, financial assets, certificates of deposit, together with all property added to or substituted for any of the foregoing, and all interest, dividends, income and proceeds of any of the foregoing. However, this does not include any IRA or Keogh accounts, or any trust accounts for which setoff would be prohibited by law. Borrower authorizes Lender, to the extent permitted by applicable law, to charge or setoff all sums owing on the indebtedness against any and all such accounts, and, at Lender's option, to administratively freeze all such accounts to allow Lender to protect Lender's charge and setoff rights provided in this paragraph.

**SUBMISSION TO JURISDICTION AND WAIVER OF VENUE (THIS PARAGRAPH REPLACES THE PARAGRAPH ENTITLED CHOICE OF VENUE THAT APPEARS ABOVE IN THIS DOCUMENT).** Borrower for itself and its successors and assigns hereby irrevocably: (i) submits to the exclusive jurisdiction of the state and federal courts in Texas, (ii) waives, to the fullest extent permitted by law, any objection that it may now or in the future have to the laying of venue exclusively in the state courts located in Harris County, Texas, or in the United States District Court for the Southern District of Texas, Houston Division for any suit, action, dispute or litigation arising out of, in connection with, or relating to, directly or indirectly, this loan document or other related loan document, including without limitation, contract claims, tort claims, and all other common law and statutory claims; (iii) waives any objection it may now or hereafter have as to the venue of any action or proceeding brought in such court or that such court is an inconvenient forum; and (iv) agrees that any action or proceeding arising out of, in connection with, or relating to, directly or indirectly, this loan document or other related loan document, may be brought in any of the foregoing courts. The foregoing provisions are intended to be mandatory and not permissive in nature, and Borrower acknowledges that Texas is a convenient forum and that the state courts located in Harris County, Texas, or the United States District Court for the Southern District of Texas is a convenient venue. Borrower agrees that service of process upon it may be made by certified or registered mail, return receipt requested, at its address specified herein. Nothing herein shall affect the right of Lender to serve process in any other manner permitted by law or shall limit the right of Lender to bring any action or proceeding against Borrower or with respect to any of Borrower 's property in courts in other jurisdictions.

**ADDITIONAL COLLATERAL.** To the extent permitted by applicable law, as further collateral security for the repayment of this Note/Credit Agreement and all renewals and extensions, as well as to secure any and all other loans, notes, indebtedness and obligations, in principal, interest, fees, costs, expenses and attorneys' fees, and for the present and future performance of all agreements with respect to any swap, forward, future, or derivative transaction or option or similar agreement involving, or settled by reference to, one or more interest rates, currencies, commodities, equity or debt instruments or securities, or economic, financial or pricing indices or measures of economic, financial or pricing risk or value, that Borrower (or any of them) may now and in the future owe to Lender or incur in Lender's favor, whether direct or indirect, absolute or contingent, due or to become due, of any nature and kind whatsoever (with the exception of any indebtedness under a consumer credit card account), Borrower is granting Lender a continuing security interest in, all property of Borrower of every nature or kind whatsoever (with the exception of IRA, pension, and other tax-deferred accounts) owned by Borrower or in which Borrower has an interest that is now or hereafter on deposit with, in the possession of, under the control of or held by Lender in definitive form, book entry form or in safekeeping, custodian accounts, securities accounts, also including all deposit accounts, money, funds on deposit in checking, savings, custodian and other accounts, instruments, negotiable instruments, certificates of deposit, commercial paper, stocks, bonds, treasury bills and other securities, investment property, financial assets, security entitlements, documents, documents of title, payment intangibles, goods, chattel paper, and any general intangibles not previously listed, and Borrower hereby grants to Lender a right of set-off and/or compensation with respect to all such property. All above types of collateral shall have the meaning provided in UCC Rev. Art. 9, as adopted and revised in the state that governs this agreement. Borrower further hereby releases Lender from any obligation to take any steps to collect proceeds of or preserve any of Borrower's rights, including, without limitation, rights against prior parties, in the collateral in which Lender possesses a security interest, and Lender's only duty with respect to such collateral shall be solely to use reasonable care in the physical preservation of the collateral which is in the actual possession of Lender.

**FINANCIAL STATEMENTS AND INFORMATION.** Borrower agrees to provide to the Lender upon request both true and correct current financial statements and tax returns in form and substance satisfactory to the Lender. The financial statements shall include, among other things, detailed information regarding (i) any entities, such as corporations, partnerships, or limited liability companies of which the Borrower is the majority owner and (ii) any entities of which the Borrower is not the majority owner, but for which Borrower is directly or contingently liable on debts or obligations of any kind incurred by those entities. All financial statements or records submitted to Lender via electronic means, including, without limitation by facsimile, open internet communications or other telephonic or electronic methods, including, without limitation, documents in Tagged Image Format Files ("TIFF") or Portable Document Format ("PDF") shall be treated as originals, fully binding and with full legal force and effect and the parties waive any rights they may have to object to such treatment. The Lender may rely on all such records in good faith as complete and accurate records produced or maintained by or on behalf of the party submitting such records.

**ADDITIONAL RIGHT OF SETOFF.** In addition, in order to further secure all obligations, Borrower pledges to Lender, and grants to Lender a continuing lien and security interest in, and a right of set-off on, all property of Borrower, including any such property Borrower holds jointly with someone else, that is now or hereafter on deposit with, in the possession of, under the control of or held by Lender or any financial institution affiliate of the Lender, including, without limitation, all cash, deposit accounts, funds on deposit, stocks, bonds, treasury obligations and other securities, investment property, financial assets, securities accounts, notes, documents, instruments, certificates of deposit, items, chattel paper, and other property (except IRA, pension, other tax-deferred retirement accounts and any accounts or property held in a trust or fiduciary capacity for which setoff would be prohibited by law), together with all property added to or substituted for any of the foregoing, and all interest, dividends, income, fruits, accessions and proceeds of any of the foregoing.

**OTHER COSTS AND FEES.** Borrower further agrees to pay any and all charges, fees, costs and/or taxes levied or assessed against Lender in connection with this Note and/or any collateral, asset or other property which is pledged, mortgaged, hypothecated or assigned to Lender or in which Lender possesses a security interest, as security for this Note, to the extent permitted by law.

**ADDITIONAL DEFAULTS AND ACCELERATION.** To the extent permitted by applicable law, in addition to the events of default set forth above, Lender shall have the right, at its sole option, to insist upon immediate payment (to accelerate the maturity) of this Note should any type of lien, judgment, levy, seizure, garnishment, tax lien, or court order occur affecting any assets of Borrower, or any guarantor, surety or accommodation party (or any one of them) on this Note; should Borrower, or any guarantor, surety or accommodation party (or any one of them) on this Note,

**PROMISSORY NOTE**
**(Continued)**

Loan No: 00044201327042                                                                 Page 3

---

die, become insolvent, or file a petition in bankruptcy or similar proceedings, or be adjudged a bankrupt.

**NO NOVATION IF EARLIER NOTE CANCELLED.** If an earlier note of any Borrower is cancelled at the time of execution hereof, then this Note constitutes an extension, but not a novation, of the amount of the continuing indebtedness, and Borrower agrees that all security rights held by Lender under the earlier note shall continue in full force and effect.

**WAIVER OF JURY TRIAL.** Borrower and Lender knowingly, voluntarily and irrevocably waive, to the fullest extent permitted by applicable law, any and all rights either may have to trial by jury in any legal proceeding based on, arising out of, or in any way related to: this Agreement, the obligations, any notes, loan agreements, or any other loan document or agreement executed or contemplated to be executed in connection with any of the obligations; or any of the transactions contemplated hereby or thereby.  This jury waiver also applies to any claim, counterclaim, cause of action or demand arising from or related to (i) any course of conduct, course of dealing, or relationship of Borrower, any obligor, or any other person with Lender or any employee, officer, director or assignee of Lender in connection with the obligations; or (ii) any statement (whether verbal or written) or actions of any person by or on behalf of Lender to Borrower, any obligor, or any other person in connection with the obligations, regardless of whether such cause of action or demand arises by contract, tort or otherwise.  Borrower hereby acknowledges that this waiver of jury trial is a material inducement to the Lender in extending credit to the Borrower, that the Lender would not have extended such credit without this jury trial waiver, and that Borrower has been represented by an attorney or has had an opportunity to consult with an attorney in connection with this jury trial waiver and understands the legal effect of this waiver.  Borrower further certifies that no person has represented to it, expressly or otherwise, that Lender or any other person would not, in the event of a legal proceeding, seek to enforce the foregoing waiver.

**SALE/ASSIGNMENT.** Borrower acknowledges that Lender has the right to sell, assign, transfer, negotiate, or grant participations in all or any part of this Note and any related obligations, without notice to the undersigned or any other obligor and that Lender may disclose any documents and information which Lender now has or later acquires relating to the Borrower or to any collateral or to any obligor on this Note in connection with such sale, assignment, transfer, negotiation, or grant.  Borrower agrees that Lender may provide information relating to this Note or relating to Borrower to Lender's parent, affiliates, subsidiaries and service providers.

**SUCCESSOR INTERESTS.**  The terms of this Note shall be binding upon Borrower, and upon Borrower's heirs, personal representatives, successors and assigns, and shall inure to the benefit of Lender and its successors and assigns.

**GENERAL PROVISIONS.**  If any part of this Note cannot be enforced, this fact will not affect the rest of the Note.  Borrower does not agree or intend to pay, and Lender does not agree or intend to contract for, charge, collect, take, reserve or receive (collectively referred to herein as "charge or collect"), any amount in the nature of interest or in the nature of a fee for this loan, which would in any way or event (including demand, prepayment, or acceleration) cause Lender to charge or collect more for this loan than the maximum Lender would be permitted to charge or collect by federal law or the law of the State of Texas (as applicable).  Any such excess interest or unauthorized fee shall, instead of anything stated to the contrary, be applied first to reduce the principal balance of this loan, and when the principal has been paid in full, be refunded to Borrower.  The right to accelerate maturity of sums due under this Note does not include the right to accelerate any interest which has not otherwise accrued on the date of such acceleration, and Lender does not intend to charge or collect any unearned interest in the event of acceleration.  All sums paid or agreed to be paid to Lender for the use, forbearance or detention of sums due hereunder shall, to the extent permitted by applicable law, be amortized, prorated, allocated and spread throughout the full term of the loan evidenced by this Note until payment in full so that the rate or amount of interest on account of the loan evidenced hereby does not exceed the applicable usury ceiling. Lender may delay or forgo enforcing any of its rights or remedies under this Note without losing them.  Borrower and any other person who signs, guarantees or endorses this Note, to the extent allowed by law, waive presentment, demand for payment, notice of dishonor, notice of intent to accelerate the maturity of this Note, and notice of acceleration of the maturity of this Note.  Upon any change in the terms of this Note, and unless otherwise expressly stated in writing, no party who signs this Note, whether as maker, guarantor, accommodation maker or endorser, shall be released from liability.  All such parties agree that Lender may renew or extend (repeatedly and for any length of time) this loan or release any party or guarantor or collateral; or impair, fail to realize upon or perfect Lender's security interest in the collateral without the consent of or notice to anyone.  All such parties also agree that Lender may modify this loan without the consent of or notice to anyone other than the party with whom the modification is made.  The obligations under this Note are joint and several.

**PRIOR TO SIGNING THIS NOTE, BORROWER READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS NOTE, INCLUDING THE VARIABLE INTEREST RATE PROVISIONS.  BORROWER AGREES TO THE TERMS OF THE NOTE.**

BORROWER ACKNOWLEDGES RECEIPT OF A COMPLETED COPY OF THIS PROMISSORY NOTE.

BORROWER:

MICROWAVE INDUSTRIAL SERVICES, LLC

By: _____
    Abe Levitz, Officer, Director of Microwave Industrial
    Services, LLC

By: _____
    Kevin Sustala, Officer, Director of Microwave
    Industrial Services, LLC

LaserPro, Ver. 20.3.10.002  Copr. Finastra USA Corporation 1997, 2020.  All Rights Reserved.  - TX  C:\LaserPro\CFI\LPL\D20.FC  TR-322761  PR-321

**PROMISSORY NOTE**
**(Continued)**

Loan No: 00044201327042

Page 3

die, become insolvent, or file a petition in bankruptcy or similar proceedings, or be adjudged a bankrupt.

**NO NOVATION IF EARLIER NOTE CANCELLED.** If an earlier note of any Borrower is cancelled at the time of execution hereof, then this Note constitutes an extension, but not a novation, of the amount of the continuing indebtedness, and Borrower agrees that all security rights held by Lender under the earlier note shall continue in full force and effect.

**WAIVER OF JURY TRIAL.** Borrower and Lender knowingly, voluntarily and irrevocably waive, to the fullest extent permitted by applicable law, any and all rights either may have to trial by jury in any legal proceeding based on, arising out of, or in any way related to: this Agreement, the obligations, any notes, loan agreements, or any other loan document or agreement executed or contemplated to be executed in connection with any of the obligations; or any of the transactions contemplated hereby or thereby.  This jury waiver also applies to any claim, counterclaim, cause of action or demand arising from or related to (i) any course of conduct, course of dealing, or relationship of Borrower, any obligor, or any other person with Lender or any employee, officer, director or assignee of Lender in connection with the obligations; or (ii) any statement (whether verbal or written) or actions of any person by or on behalf of Lender to Borrower, any obligor, or any other person in connection with the obligations, regardless of whether such cause of action or demand arises by contract, tort or otherwise.  Borrower hereby acknowledges that this waiver of jury trial is a material inducement to the Lender in extending credit to the Borrower, that the Lender would not have extended such credit without this jury trial waiver, and that Borrower has been represented by an attorney or has had an opportunity to consult with an attorney in connection with this jury trial waiver and understands the legal effect of this waiver.  Borrower further certifies that no person has represented to it, expressly or otherwise, that Lender or any other person would not, in the event of a legal proceeding, seek to enforce the foregoing waiver.

**SALE/ASSIGNMENT.** Borrower acknowledges that Lender has the right to sell, assign, transfer, negotiate, or grant participations in all or any part of this Note and any related obligations, without notice to the undersigned or any other obligor and that Lender may disclose any documents and information which Lender now has or later acquires relating to the Borrower or to any collateral or to any obligor or this Note in connection with such sale, assignment, transfer, negotiation, or grant.  Borrower agrees that Lender may provide information relating to this Note or relating to Borrower to Lender's parent, affiliates, subsidiaries and service providers.

**SUCCESSOR INTERESTS.** The terms of this Note shall be binding upon Borrower, and upon Borrower's heirs, personal representatives, successors and assigns, and shall inure to the benefit of Lender and its successors and assigns.

**GENERAL PROVISIONS.** If any part of this Note cannot be enforced, this fact will not affect the rest of the Note.  Borrower does not agree or intend to pay, and Lender does not agree or intend to contract for, charge, collect, take, reserve or receive (collectively referred to herein as "charge or collect"), any amount in the nature of interest or in the nature of a fee for this loan, which would in any way or event (including demand, prepayment, or acceleration) cause Lender to charge or collect more for this loan than the maximum Lender would be permitted to charge or collect by federal law or the law of the State of Texas (as applicable).  Any such excess interest or unauthorized fee shall, instead of anything stated to the contrary, be applied first to reduce the principal balance of this loan, and when the principal has been paid in full, be refunded to Borrower.  The right to accelerate maturity of sums due under this Note does not include the right to accelerate any interest which has not otherwise accrued on the date of such acceleration, and Lender does not intend to charge or collect any unearned interest in the event of acceleration.  All sums paid or agreed to be paid to Lender for the use, forbearance or detention of sums due hereunder shall, to the extent permitted by applicable law, be amortized, prorated, allocated and spread throughout the full term of the loan evidenced by this Note until payment in full so that the rate or amount of interest on account of the loan evidenced hereby does not exceed the applicable usury ceiling. Lender may delay or forgo enforcing any of its rights or remedies under this Note without losing them.  Borrower and any other person who signs, guarantees or endorses this Note, to the extent allowed by law, waive presentment, demand for payment, notice of dishonor, notice of intent to accelerate the maturity of this Note, and notice of acceleration of the maturity of this Note.  Upon any change in the terms of this Note, and unless otherwise expressly stated in writing, no party who signs this Note, whether as maker, guarantor, accommodation maker or endorser, shall be released from liability.  All such parties agree that Lender may renew or extend (repeatedly and for any length of time) this loan or release any party or guarantor or collateral; or impair, fail to realize upon or perfect Lender's security interest in the collateral without the consent of or notice to anyone.  All such parties also agree that Lender may modify this loan without the consent of or notice to anyone other than the party with whom the modification is made.  The obligations under this Note are joint and several.

**PRIOR TO SIGNING THIS NOTE, BORROWER READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS NOTE, INCLUDING THE VARIABLE INTEREST RATE PROVISIONS.  BORROWER AGREES TO THE TERMS OF THE NOTE.**

BORROWER ACKNOWLEDGES RECEIPT OF A COMPLETED COPY OF THIS PROMISSORY NOTE.

BORROWER:

MICROWAVE INDUSTRIAL SERVICES, LLC

By: _____
Abe Levitz, Officer, Director of Microwave Industrial Services, LLC

By: _____
Kevin Sustala, Officer, Director of Microwave Industrial Services, LLC

LaserPro, Ver. 20.3.10.002  Copr. Finastra USA Corporation 1997, 2020.  All Rights Reserved.  - TX  C:\Laser\ProCFI\LPL\D20.FC  TR-32291  PR-901

## NOTICE OF FINAL AGREEMENT

| Principal | Loan Date | Maturity | Loan No | Call / Coll | Account | Officer | Initials |
|-----------|-----------|----------|---------|-------------|---------|---------|----------|
| $220,000.00 | 10-01-2020 | 01-01-2021 | 00044201327042 | | | XX7 | |

References in the boxes above are for Lender's use only and do not limit the applicability of this document to any particular loan or item.
Any item above containing "****" has been omitted due to text length limitations.

**Borrower:**  Microwave Industrial Services, LLC
5320 Gulfton St
Houston, TX 77081

**Lender:**  HANCOCK WHITNEY BANK
COM BNKG - TX
3200 Kirby Drive, Suite 1100
Houston, TX 77098

THE WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.  THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.

As used in this Notice, the following terms have the following meanings:

**Loan.**  The term "Loan" means the following described loan: a non-precomputed Variable Rate Nondisclosable Revolving Line of Credit Loan to a Limited Liability Company for $220,000.00 due on January 1, 2021.  This is a secured renewal loan.

**Loan Agreement.**  The term "Loan Agreement" means one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, relating to the Loan, including without limitation the following:

### LOAN DOCUMENTS

- Promissory Note
- TX Commercial Guaranty:  Kevin Sustala
- Notice of Final Agreement

- TX Commercial Guaranty:  Abe Levitz
- Disbursement Request and Authorization

**Parties.**  The term "Parties" means HANCOCK WHITNEY BANK and any and all entities or individuals who are obligated to repay the loan or have pledged property as security for the Loan, including without limitation the following:

Borrower:  Microwave Industrial Services, LLC
Guarantor 1:  Abe Levitz
Guarantor 2:  Kevin Sustala

This Notice of Final Agreement is given by HANCOCK WHITNEY BANK pursuant to Section 26.02 of the Texas Business and Commerce Code. Each Party who signs below, other than HANCOCK WHITNEY BANK, acknowledges, represents, and warrants to HANCOCK WHITNEY BANK that it has received, read and understood this Notice of Final Agreement. This Notice is dated October 1, 2020.

BORROWER:

MICROWAVE INDUSTRIAL SERVICES, LLC

By: _____
Abe Levitz, Officer, Director of Microwave Industrial
Services, LLC

By: _____
Kevin Sustala, Officer, Director of Microwave
Industrial Services, LLC

GUARANTOR:

X _____
Abe Levitz, Individually

GUARANTOR:

X _____
Kevin Sustala, Individually