IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HANCOCK WHITNEY BANK, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | Civil Action No. 4:22-cv-01896 |
| | § | |
| MICROWAVE INDUSTRIAL | § | |
| SERVICES, LLC, KEVIN SUSTALA, | § | |
| and ABE LEVITZ, | § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANTS MICROWAVE INDUSTRIAL SERVICES, LLC AND KEVIN SUSTALA'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES**

Defendants Microwave Industrial Services, LLC's ("MIS") and Kevin Sustala ("Sustala", and collectively, "Defendants") file this Answer and Affirmative Defenses to Plaintiff's Original Complaint ("Complaint"). Defendants respond as follows to the enumerated paragraphs of the Complaint:

## I. ANSWER TO INTRODUCTION

1. Defendants admit that Note was dated October 1, 2020 and had an original principal amount of $220,000.00 and admit that Note2 was dated July 2, 2019 and had an original principal amount of $280,000.00, but deny the rest of the allegations contained in Paragraph 1 of the Complaint.

2. Defendants admit the allegations contained in Paragraph 2 of the Complaint.

3. Defendants admit that Plaintiff sent a letter on August 18, 2021 that accelerated all indebtedness due under Note2 and which stated that all amounts were "immediately due and owing." With respect to the rest of the allegations in Paragraph 3, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and can therefore neither admit nor deny same.

4. Defendants admit the allegations contained in Paragraph 4 of the Complaint.

5. Defendants admit the allegations contained in Paragraph 5 of the Complaint.

6. Defendants admit the allegations contained in Paragraph 6 of the Complaint.

## II. ANSWER TO PARTIES

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint and can therefore neither admit nor deny the same.

8. Defendants admit the allegations contained in Paragraph 8 of the Complaint except that they deny that JKJ Industries, LLC is a resident of Texas. JKJ Industries, LLC is a Delaware LLC and is therefore a Delaware citizen.

9. Defendants admit the allegations contained in Paragraph 9 of the Complaint.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and can therefore neither admit nor deny the same.

### III. ANSWER JURISDICTION AND VENUE

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and can therefore neither admit nor deny the same.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint and can therefore neither admit nor deny the same.

### IV. ANSWER TO FACTUAL BACKGROUND

13. Defendants admit the allegations contained in Paragraph 13 of the Complaint.

14. Defendants admit the allegations contained in Paragraph 14 of the Complaint.

15. Defendants admit the allegations contained in Paragraph 15 of the Complaint.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint and can therefore neither admit nor deny the same.

17. Defendants admit the allegations contained in Paragraph 17 of the Complaint.

18. Defendants admit the allegations contained in Paragraph 18 of the Complaint.

19. Defendants admit the allegations contained in Paragraph 19 of the Complaint.

20. Defendants admit the allegations contained in Paragraph 20 of the Complaint.

21. Defendants admit the allegations contained in Paragraph 21 of the Complaint.

22. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint and can therefore neither admit nor deny the same.

23. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint and can therefore neither admit nor deny the same.

24. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint and can therefore neither admit nor deny the same.

25. Defendants admit the allegations contained in Paragraph 25 of the Complaint.

26. Defendants admit the allegations contained in Paragraph 26 of the Complaint.

27. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint and can therefore neither admit nor deny the same.

28. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint and can therefore neither admit nor deny the same.

29. Defendants admit the allegations contained in Paragraph 29 of the Complaint.

30. Defendants admit the allegations contained in Paragraph 30 of the Complaint.

31. Defendants admit the allegations contained in Paragraph 31 of the Complaint.

32. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint and can therefore neither admit nor deny the same.

### V. ANSWER TO CLAIMS

33. Defendants deny the allegations contained in Paragraph 33 of the Complaint.

**A. Answer to Breach of Contract Claim**

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36. With respect to Plaintiff Hancock Whitney Bank's assertions of financial injury, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint and can therefore neither admit nor deny the same. Defendants deny the rest of the allegations contained in Paragraph 36 of the Complaint.

**B.   Answer to Breach of Contract Against Sustala**

37. Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39. With respect to Plaintiff Hancock Whitney Bank's assertions of financial injury, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint and can therefore neither admit nor deny the same. Defendants deny the rest of the allegations contained in Paragraph 39 of the Complaint.

**C.   Answer to Breach of Contract Against Levitz**

40. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint and can therefore neither admit nor deny the same.

41. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint and can therefore neither admit nor deny the same.

42. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint and can therefore neither admit nor deny the same.

**D.   Answer to Attorney's Fees Against MIS, Sustala, and Levitz**

43. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint and can therefore neither admit nor deny the same.

44. Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in Paragraph 45 of the Complaint.

## VI. ANSWER TO PRAYER FOR RELIEF

46. Defendants deny the allegations contained in Paragraph 46 of the Complaint.

    a. Defendants deny the allegations contained in Paragraph 46(a) of the Complaint.

    b. Defendants deny the allegations contained in Paragraph 46(b) of the Complaint.

    c. Defendants deny the allegations contained in Paragraph 46(c) of the Complaint.

    d. Defendants deny the allegations contained in Paragraph 46(d) of the Complaint.

    e. Defendants deny the allegations contained in Paragraph 46(e) of the Complaint.

## VII. AFFIRMATIVE AND OTHER DEFENSES

47. Plaintiff Hancock Whitney Bank ("Plaintiff") has failed to avoid or mitigate its damages, if any.

48. Plaintiff's claims are barred by the doctrine of waiver.

49. Defendants hereby give notice that they intend to rely on any additional affirmative defenses that become available or apparent during discovery and thus reserve the right to amend this Answer to assert such defenses.

50. Except as expressly admitted below, all allegations in Plaintiff's Complaint are denied.

## VIII.    PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants Microwave Industrial Services, LLC and Kevin Sustala respectfully pray that Plaintiff Hancock Whitney Bank take nothing by its claims and causes of action as contained in its Original Complaint, and that all such claims and causes of action be dismissed with prejudice. Defendants request such other relief, both general and specific, legal and equitable, as the Court may deem appropriate and just under the circumstances.

Date: August 17, 2022.                                Respectfully submitted,

By:   */s/ Megan H. Schmid*
    MEGAN H. SCHMID
    Texas Bar No. 75074383
    Federal Bar No. 1133741
    Megan.Schmid@hklaw.com
    HOLLAND & KNIGHT LLP
    811 Main Street, Suite 2500
    Houston, Texas 77002
    Telephone: (713) 821-7000
    Facsimile: (713) 821-7001

    **ATTORNEY-IN-CHARGE FOR DEFENDANTS MICROWAVE INDUSTRIAL SERVICES, LLC AND KEVIN SUSTALA**

## **CERTIFICATE OF SERVICE**

      I certify that a true and correct copy of the foregoing instrument has been delivered to the below counsel of record in compliance with Federal Rules of Civil Procedure on the 17th day of August, 2022 to:

| | |
|---|---|
| Neale Shields | *Via Electronic Case File* |
| harv99atty@att.net | |
| LAW OFFICE OF NEALE SHIELDS | |
| P.O. Box 397 | |
| New Summerfield, Texas 75780 | |

                                              */s/ Megan H. Schmid*
                                              MEGAN H. SCHMID