IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HANCOCK WHITNEY BANK, | § | |
| | § | |
|   *Plaintiff,* | § | |
| | § | |
| VS. | § | Civil Action No. 4:22-cv-01896 |
| | § | |
| MICROWAVE INDUSTRIAL SERVICES, LLC, KEVIN SUSTALA, and ABE LEVITZ | § | |
| | § | |
|   *Defendants.* | § | |

### DEFENDANT ABE LEVITZ'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

Defendant Abe Levitz ("Levitz") files this Answer and Affirmative Defenses to Plaintiff's Original Complaint ("Complaint"). Defendant responds as follows to the enumerated paragraphs of the Complaint:

### I.    ANSWER TO INTRODUCTION

1. Defendant admits that Note was dated October 1, 2020 and had an original principal amount of $220,000.00 and admits that Note2 was dated July 2, 2019 and had an original principal amount of $280,000.00, but deny the rest of the allegations contained in Paragraph 1 of the Complaint.

2. Defendant admits the allegations contained in Paragraph 2 of the Complaint.

3. Defendant admits that Plaintiff sent a letter on August 18, 2021 that accelerated all indebtedness due under Note 2 and which stated that all amounts were "immediately due and owing." With respect to the rest of the allegations in Paragraph 3, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and can therefore neither admit nor deny same.

4. Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5. Defendant admits the allegation contained in Paragraph 5 of the Complaint that he is guarantor of the debt under the Commercial Guaranty dated July 1, 2020, but generally denies and disclaims any affiliation, connection to, or involvement otherwise with the Commercial Guaranty dated October 1, 2020.

6. Defendant admits the allegation pertinent to solely him and not Sustala contained in Paragraph 6 of the Complaint. Regarding the latter, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint and can therefore, neither admit nor deny the same.

## II.    ANSWER TO PARTIES

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint and can therefore, neither admit nor deny the same.

8. Defendant admits the allegations contained in Paragraph 8 of the Complaint except that they deny that JKJ Industries, LLC is a resident of Texas. JKJ Industries, LLC is a Delaware LLC and is therefore a Delaware citizen.

9. Defendant admits the allegations contained in Paragraph 9 of the Complaint.

10. Defendant admits the allegations contained in Paragraph 10 of the Complaint.

## III.    ANSWER JURISDICTION AND VENUE

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and can therefore, neither admit nor deny the same.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint and can therefore neither admit nor deny the same.

## IV.    ANSWER TO FACTUAL BACKGROUND

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint and can therefore, neither admit nor deny the same.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint and can therefore, neither admit nor deny the same.

15. Defendant admits the allegations contained in Paragraph 15 of the Complaint.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint and can therefore, neither admit nor deny the same.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint and can therefore, neither admit nor deny the same.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint and can therefore, neither admit nor deny the same.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint and can therefore, neither admit nor deny the same.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint and can therefore, neither admit nor deny the same.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint and can therefore, neither admit nor deny the same.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint and can therefore, neither admit nor deny the same.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint and can therefore, neither admit nor deny the same.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint and can therefore, neither admit nor deny the same.

25. Defendant admits the allegations contained in Paragraph 25 of the Complaint.

26. Defendant admit the allegations contained in Paragraph 26 of the Complaint.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint and can therefore, neither admit nor deny the same.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint and can therefore, neither admit nor deny the same.

29. Defendant admits the allegations contained in Paragraph 29 of the Complaint pertaining solely to his executed Commercial Guaranty and is without knowledge or information sufficient to form a belief as to the truth of the allegations and can therefore neither admit nor deny the remainder.

30. Defendant admits the allegations contained in Paragraph 30 of the Complaint pertaining solely to his executed Commercial Guaranty and is without knowledge or information sufficient to form a belief as to the truth of the allegations and can therefore neither admit nor deny the remainder.

31. Defendant admits the allegations contained in Paragraph 31 of the Complaint pertaining solely to his executed Commercial Guaranty and is without knowledge or information sufficient to form a belief as to the truth of the allegations and can therefore neither admit nor deny the remainder.

32. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint and can therefore neither admit nor deny the same.

## V.   ANSWER TO CLAIMS

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

### A.   Answer to Breach of Contract Claim

34. Defendant and Counter-Plaintiff denies the allegations contained in Paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. With respect to Plaintiff Hancock Whitney Bank's assertions of financial injury, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint and can therefore neither admit nor deny the same. Defendant denies the rest of the allegations contained in Paragraph 36 of the Complaint.

**B.    Answer to Breach of Contract Against Sustala**

37. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint and can therefore, neither admit nor deny the same.

38. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint and can therefore, neither admit nor deny the same.

39. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint and can therefore neither admit nor deny the same.

**C.    Answer to Breach of Contract Against Levitz**

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. Defendant denies the truth of the allegations contained in Paragraph 41 of the Complaint.

42. With respect to Plaintiff Hancock Whitney Bank's assertion of financial injury, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint and can therefore neither admit nor deny the same. Defendant denies the rest of the allegations contained in Paragraph 42 of the Complaint.

**D.    Answer to Attorney's Fees Against MIS, Sustala, and Levitz**

43. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint and can therefore, neither admit nor deny the same.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of the Complaint.

## VI.     ANSWER TO PRAYER FOR RELIEF

46.     Defendant denies the allegations contained in Paragraph 46 of the Complaint.

     a.     Defendant denies the allegations contained in Paragraph 46(a) of the Complaint.

     b.     Defendant denies the allegations contained in Paragraph 46(b) of the Complaint.

     c.     Defendant denies the allegations contained in Paragraph 46(c) of the Complaint.

     d.     Defendant denies the allegations contained in Paragraph 46(d) of the Complaint.

     e.     Defendant denies the allegations contained in Paragraph 46(e) of the Complaint.

## VII.     AFFIRMATIVE AND OTHER DEFENSES

47.     Plaintiff Hancock Whitney Bank ("Plaintiff") has failed to avoid or mitigate its damages, if any.

48.     Plaintiff's claims are barred by the doctrine of waiver.

49.     Defendant hereby gives notice that they intend to rely on any additional affirmative defenses that become available or apparent during discovery and thus reserve the right to amend this Answer to assert such defenses.

50.     Except as expressly admitted below, all allegations in Plaintiff's Complaint are denied.

## VIII.     PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Abe Levitz respectfully prays that Plaintiff Hancock Whitney Bank take nothing by its claims and causes of action as contained in its Original Complaint, and that all such claims and causes of action be dismissed with prejudice. Defendant requests such other relief, both general and specific, legal and equitable, as the Court may deem appropriate and just under the circumstances.

Date: August 29, 2022.

                                      Respectfully submitted,
                                  **MATÍAS J. ADROGUÉ PLLC.**

By: _____
        Matías J. Adrogué
        Texas State Bar No. 24012192
        Southern District ID: 30647
        Leila M. El-Hakam
        Texas State Bar No. 24007147
        Southern District ID: 665005
        1629 West Alabama St.
        Houston, Texas 77006
        713-425-7270 *Telephone*
        713-425-7271 *Facsimile*
        service@mjalawyer.com
**ATTORNEYS FOR DEFENDANT
ABE LEVITZ**

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of August, 2022, a true and correct copy of the foregoing document was forwarded to all known counsel of record pursuant to the Federal Rules of Civil Procedure.

                                      */s/ Matías J. Adrogué*
                                      **Matías J. Adrogué**